UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| HARRIETT ELLIS et al,        ) | | |
|        Plaintiffs,        ) | | |
|                              ) | | |
|   vs.                         ) | | 1:08-cv-0254-SEB-JMS |
|                              ) | | |
| CCA OF TENNESSEE, LLC,        ) | | |
|        Defendant.         ) | | |

### ENTRY ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFFS' MOTION TO COMPEL

This matter is before the magistrate judge on Defendant CCA of Tennessee, LLC's ("CCA") Motion for Protective Order (Dkt. # 39) and Plaintiffs' Motion to Compel and Request for Sanctions (Dkt. # 37).  The motions are fully briefed, and being duly advised, the magistrate judge **GRANTS** CCA's Motion for Protective Order, and **DENIES AS PREMATURE** Plaintiffs' Motion to Compel and for Sanctions, for the reasons and to the extent set forth below.

### Motion for Protective Order

CCA moves the Court for entry of a proposed protective order to protect against the disclosure of confidential medical records, confidential or personal information of non-parties, and CCA's proprietary and trade secret information during discovery.  CCA argues good cause exists for entry of the proposed protective order, and it comports with applicable Seventh Circuit law.

Plaintiffs respond that they "have no objection to a narrowly crafted protective order that protects (1) confidential medical records; (2) confidential or personal information of non-parties; and (3) documents that genuinely are trade secrets of CCA." (Response pgs. 1-2).  However,

they assert the proposed protective order improperly includes protection of proprietary information, and is overbroad in other respects.

Rule 26(c) of the Federal Rules of Civil Procedure provides that the Court may, for good cause, issue a protective order "requiring that a trade secret or *other confidential research, development, or commercial information* not be revealed or be revealed only in a specified way." (emphasis added). The proprietary information that is the subject of CCA's motion is of the type that is properly the subject of a protective order. *See also Directory Concepts, Inc. V. Fox,* 2008 U.S. Dist. LEXIS 102192 at *14-15 (N.D. Ind. Dec. 16, 2008). Plaintiffs offer no support to the contrary.

Plaintiffs argue that because CCA has produced some documents labeled "proprietary information" without a protective order, such an order is unnecessary. However, CCA explains that Plaintiffs have asked for all written policies and procedures, and while some pages of those documents may not require protection and have been produced, the policies and procedures produced in their entirety provide a blueprint for competitors and thus require protection.

The proposed protective order contains all of the procedural requirements and safeguards consistent with *Citizens National Bank of Princeton v. Cincinnati Insurance,* 178 F.3d 943 (7th Cir. 1999), *Union Oil Company of California v. Leavell,* 297 F.3d 544 (7th Cir. 2000), and *Baxter International v. Abbott Laboratories,* 297 F.3d 544 (7th Cir. 2002). It is Seventh Circuit precedent and the Federal Rules of Civil Procedure that govern the issuance of protective orders, not the Indiana Access to Public Records Act, as argued by Plaintiffs. Whether the documents at issue are available under the Act is not before this Court or for this Court to decide. *See, e.g., Camarillo v. Pabey,* 2006 U.S. Dist. LEXIS 73497 at *7-8 (N.D. Ind. 2006). Furthermore, the protective order provides mechanisms to challenge the propriety of the designation of documents

as "confidential."

Plaintiffs' counsel asserts that the protective order should not include a prohibition on documents discovered in this case from being used in other CCA cases being handled by his firm, as he is lead counsel on all of them.  Certainly, if the same discovery is being requested and *is relevant* in other cases with the same counsel, it would be in both parties' best interests to coordinate rather than duplicate discovery efforts.  However, given counsel's expressed intent to share discovery in this matter "with other attorneys who have CCA cases," (Brief Ex. C), the provision limiting the use of protected documents solely for the purpose of this litigation is appropriate.

Therefore, for the reasons set forth above, CCA's Motion for Protective Order is **GRANTED.**  The proposed protective order, Dkt. # 40, Ex. A, shall be deemed filed as of this date.

**Motion to Compel**

Plaintiffs move to compel CCA to answer discovery served upon it, including interrogatories, requests for production and requests for admissions.  They accuse CCA of purposefully obstructing their discovery efforts with baseless objections. CCA did object to many of the discovery requests but nonetheless produced responsive documents to many of them.  For that reason, Plaintiffs' admitted lack of specificity in their motion to compel makes it difficult for the Court to determine what is truly at issue.[1]  Furthermore, CCA stated that upon entry of a protective order, additional documents will be produced. Consequently, Plaintiffs'

---

[1] In a footnote, Plaintiffs state that "[r]ather than list every troubled interrogatory and request for production response, the Nurses will simply address them in a more general fashion and refer the court to the exhibits for specifics."  Specificity in the motion and brief, however, allow the Court to focus on resolving the truly disputed issues at hand rather than searching through multiple documents in an effort to decipher what remains at issue.

motion is premature. Now that a protective order is in place, many of the issues at hand will likely be narrowed or resolved.

Furthermore, there simply have not been reasonable efforts made to reach agreement as required by L.R. 37.1. Although the magistrate judge permitted Plaintiffs to proceed with filing their motion at the settlement conference in December, had this record been before her, that decision would not have been the same. Letters were exchanged back and forth, but no meaningful conversation aimed at compromise occurred. In the Court's view, a reasonable effort to reach agreement as required by L.R. 37.1 "means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Payless Shoesource Worldwide, Inc. v. Target Corp.*, 237 F.R.D. 666, 670 (D. Kan. 2006).

Plaintiffs accuse CCA of an obstructionist and bad faith approach to discovery. Yet CCA has requested to meet face to face to discuss these issues, and has asked Plaintiffs to narrow some of their requests. Plaintiffs have refused both requests. In the Court's view, both sides have room for compromise. Some of Plaintiffs' requests are indeed overly broad. For example, Plaintiffs request all incident reports at CCA Jail 2 for 2005 - 2007. (Motion Ex. A pg. 5 No. 2). The parties are reminded that discovery is meant to be a cooperative endeavor, requiring minimal judicial intervention. See *Airtex Corp. v. Shelley Radiant Ceiling Co.,* 536 F.2d 145, 155 (7th Cir. 1976)(finding Airtex's interrogatory answers did not "comport with the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules.").

At this time, therefore, the Court **DENIES AS PREMATURE** Plaintiffs' motion to compel. Now that the protective order is in place, CCA shall supplement its production by February 10, 2009. Thereafter, the parties shall meet and confer and make a good faith attempt to reach

a resolution as to any other discovery issues. If issues remain, Plaintiffs may refile their motion to compel, outlining each specific discovery request that remains at issue and providing cogent legal responses to any objections upon which CCA relies, so that the issues before the Court are clear and well framed.

**SO ORDERED.**

02/02/2009

                                  Jane Magnus-Stinson
                                  United States Magistrate Judge
                                  Southern District of Indiana

Distribution:

Anne B. Hayes
BARNES & THORNBURG LLP
anne.hayes@btlaw.com

John T L Koenig
BARNES & THORNBURG LLP
jkoenig@btlaw.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com